IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION



| | |
|---|---|
| GREG PEARSON, AND WIFE, ALICE PEARSON | § § § |
| VS. | § CIVIL ACTION SA03CA0837FB § § |
| HOME DEPOT U.S.A., INC. D/B/A HOME DEPOT | § § |

### PLAINTIFFS' ORIGINAL COMPLAINT

Now comes **GREG PEARSON AND WIFE, ALICE PEARSON**, hereinafter referred to as Plaintiffs, complaining of **HOME DEPOT U.S.A., INC., D/B/A HOME DEPOT** hereinafter referred to as Defendant, and for cause of action would respectfully show this Honorable Court as follows:

1. The Plaintiffs are residents of San Antonio, Bexar County, Texas. The Defendant, **HOME DEPOT U.S.A., INC., D/B/A HOME DEPOT** is a Delaware corporation duly licensed to do business in the State of Texas and in fact is doing business in San Antonio, Bexar County, Texas, and service of process may be had by serving it registered agent for service, C.T. Corporation System, 350 N. St. Paul St., Dallas, Texas 75201.

2. The court has jurisdiction over the lawsuit under 28 U.S.C. §1332(a)(3) because the suit is between citizens of different states, and the amount in controversy exceeds $75,000.00, excluding interest and costs.

3. Plaintiffs allege that on or about March 18, 2003, Plaintiff, **GREG PEARSON**, was acting in the capacity of a business invitee and was on the premises of the Defendant, **HOME DEPOT**

1.

**U.S.A., INC. D/B/A HOME DEPOT** in New Braunfels, Comal County, Texas. He was on the premises with the purpose of purchasing building materials, and as he was entering the store, suddenly and without warning an employee of Defendant activated a remote control to close the overhead door causing it to close on Plaintiff causing him to sustain serious and painful personal injuries.

    4. Plaintiffs would further show that at the time and on the occasion in question, Defendant and/or its agents, servants or employees, was guilty of numerous acts and/or omissions of negligence each of which created a dangerous condition, and which proximately caused or contributed to cause the accident in question as well as the injuries and damages as hereinafter set forth. Said acts and/or omissions of negligence were as follows:

    A. In the failure of Defendant's employee to maintain a proper lookout for customers entering the store.;

    B. In the failure of Defendant's employee to take the proper evasive action to avoid the incident in question.

    C. In closing the door when customers were passing through.

Plaintiffs allege that each and every, all and singular, of the aforesaid acts and/or omissions of negligence on the part of Defendant was a direct and proximate cause of the injuries and damages sustained by Plaintiffs and which are more fully set out hereinafter.

    5. Plaintiffs would additionally allege that Defendant knew or in the exercise of ordinary care should have known that in allowing an employee to operate the door remote control to the

entrance of the store on their premises could forseeably result in damages and injuries such as those sustained by Plaintiffs. Plaintiffs additionally allege that the Defendant created a hazardous condition by allowing such a remote door control to be operated at the entrance.  In this regard, Plaintiffs would allege that Defendant was aware of the danger of operation of a remote door control being operated at the entrance; nevertheless, Defendant allowed this situation to exist.  These acts and/or omissions were and are the direct and  proximate cause of Plaintiffs' damages and injuries complained of hereinafter.

6.  As a result of the negligent acts and omissions of the  Defendant, Plaintiff, **GREG PEARSON** has sustained serious injuries to his head and body in general which has required medical treatment and he has incurred reasonable and necessary medical expenses in the past and in all probability will require reasonable and necessary medical expenses for the medical services to be rendered in the future.  Furthermore, the Plaintiff has incurred loss of earnings in the past, and in reasonable probability will incur loss of earning capacity in the future.  The Plaintiff has sustained physical pain and suffering in the past, and will in reasonable probability suffer physical pain and suffering in the future.  The Plaintiff has also sustained physical impairment in the past, and will in reasonable probability continue to suffer physical impairment for the remainder of his life.  Plaintiff has sustained mental anguish in the past, and in will in the future. All of said damages in an amount in excess of the minimal jurisdictional limits of this

court.

Plaintiff, **ALICE PEARSON** joins her husband herein and has a community interest in a portion of the damages. She also has a claim for damages arising out of loss of consortium and loss of household service.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendant be cited to appear and answer herein and that upon final hearing, Plaintiffs have judgment against Defendant in a sum in excess of the minimal jurisdictional limits of the court, and for all of Plaintiffs' damages as set forth above. Plaintiffs further pray for prejudgment interest as provided by law from the date of the incident and/or date of the judgment herein, or as otherwise provided by law and for postjudgment interest. Plaintiffs further pray for other and further relief to which they may be entitled, at law or in equity as determined by the court.

Plaintiffs demand a trial by jury.

Respectfully submitted,

BROCK & BROCK, P.C.
803 E. Mistletoe
San Antonio, Texas 78212
(210)733-6666
(210)733-6893

BY _____
W. BURL BROCK
Bar No. 03042500
ATTORNEYS FOR PLAINTIFFS